```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Robert Martin,                  :

        Plaintiff,      : Case No. 2:12-cv-341

   v.                           :

Gwendolyn L. Woods,             : JUDGE ALGENON L. MARBLEY
                                  Magistrate Judge Kemp
        Defendant.      :

### REPORT AND RECOMMENDATION

    Plaintiff, Robert Martin, a state prisoner who resides at the Pickaway Correctional Institution, submitted a complaint to this Court on April 17, 2012. His complaint was accompanied by a document entitled "Indigency Affidavit to Proceed without Costs." Mr. Martin provided this information about his financial situation:

    1.  I am indigent making $6 per month for medical pay;

    2.  I have no taxable income over exemption standard of 125% over federal minimum poverty level. A vested contractual statutory right under R.C. 2329.661(B); 2329.66(13)(a), (17), R.C. 5120.33(B); RC. 120.51(B).

(Doc. 1).

    Based upon the filing fee provisions of the Prison Litigation Reform Act found at 28 U.S.C. §1915(a)(2), which require a prisoner who seeks to bring an action without prepayment of the filing fee to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint" which the prisoner is to obtain from "the appropriate official of each prison at which the prisoner is or was confined," the Court directed Mr. Martin to supplement his filing. In response to that order, which was filed on April 19,

2012, Mr. Martin filed a document he called "Leave to Proceed In Forma Pauperis." He attached the correct certificate to his document, but it was blank. He also said that he could not "be held liable for cashier certificates." (Doc. 3).

The Court, thinking it likely that Mr. Martin was attempting to communicate the fact that he had asked the appropriate prison official to fill out this certificate but that the official had, for some reason, refused to do so, then issued another order requiring Mr. Martin to submit either the completed certificate or a copy of whatever request he made to his institution for a completed certificate. That way, the Court could determine if it needed to direct the prison official to fill out the necessary paperwork so that the Court could assess Mr. Martin the correct filing fee.

Mr. Martin's response to that order was filed on June 13, 2012. Its contents are somewhat surprising. Mr. Martin now claims that he does not consent to the prison cashier taking funds from his account to pay even a partial filing fee in this case and asserts that Congress had no power to adopt those provisions of the PLRA which authorize such deductions from a prisoner's account. He apparently has not, and will not, submit the account statement which is mandated by §1915(a)(2).

There are a number of problems with Mr. Martin's approach to this issue. First, the filing fee provision of the PLRA has consistently been upheld against constitutional attack. See, e.g., Hampton v. Hobbs, 106 F.3d 1281, 1288 (6th Cir. 1997)(holding that a balancing of the various factors involved in a Due Process analysis "compel[s] the conclusion that the Act does not violate a prisoner's right to procedural due process"); see also Murray v. Dosal, 150 F.3d 814 (8th Cir. 1998)(same). Consequently, there is simply no merit to Mr. Martin's assertion that the Court cannot constitutionally apply the PLRA to him or

require him to submit his account statement if he wishes to proceed without paying the filing fee in full at the outset of the case.

There also appears to be a second reason why Mr. Martin's arguments are in vain. The Court has now reviewed its records and has found that, on at least three prior occasions, Mr. Martin has had a civil action dismissed as frivolous or for failure to state a claim on which relief can be granted. See Martin v. Warden Welch, Case No. 2:10-cv-736 (S.D. Ohio); Martin v. Ohio Supreme Court, Case No. 2:04-cv-613 (S.D. Ohio); Martin v. Mrs. Lowery, Case No. 2:04-cv-641 (S.D. Ohio)(which actually involved the dismissal of two different cases which the Court had consolidated). Under a different provision of the PLRA, the so-called "three strikes" provision, a prisoner who has had, on three or more prior occasions, an action dismissed on such grounds, may not proceed under §1915 but must pay the full filing fee. 28 U.S.C. §1915(g); see also Wilson v. Yaklich, 148 F.3d 596 (6th Cir. 1998)(upholding the constitutionality of this provision). The only exception to this requirement is for prisoners who are "under imminent danger of serious physical injury," something which Mr. Martin has not alleged.

For both these reasons, it is recommended that the motion for leave to proceed *in forma pauperis* (Doc. 1) be denied, and that Mr. Martin be directed to submit the entire $350.00 filing fee within thirty days if he wishes to proceed with this action. If that recommendation is accepted, he should also be advised that if he does not pay the fee, the action will be dismissed and will not be reinstated even upon subsequent payment of the filing fee. See McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997).

## Procedure on Objections

If any party objects to this Report and Recommendation,

that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir. 1981).

>  /s/ Terence P. Kemp
>  United States Magistrate Judge