IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT MARTIN, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:12-cv-341 |
| | : | |
| v. | : | |
| | : | |
| GWENDOLYN L. WOODS, | : | JUDGE ALGENON L. MARBLEY |
| | : | Magistrate Judge Kemp |
| Defendant. | : | |

**OPINION & ORDER**

The Magistrate Judge has recommended that the plaintiff, Robert Martin, who is a state prisoner, be assessed the full $350.00 filing fee if he wishes to proceed with this civil rights case. Martin v. Woods, 2012 WL 2564812 (S.D. Ohio July 2, 2012). The basis of that recommendation is the fact that, on at least three prior occasions, Mr. Martin has had a case dismissed as frivolous or for failure to state a claim upon which relief can be granted. Under the Prison Litigation Reform Act, a prisoner who has accumulated at least three such dismissals is not permitted to proceed *in forma pauperis* but must pay the entire civil filing fee unless the prisoner is "under imminent danger of serious physical injury." See 28 U.S.C. §1915(g). Mr. Martin objects to that recommendation. However, for the following reasons, his objections are not well-taken, and the Court will overrule them.

I.

When objections are received to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). After review, the District Judge "may

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions." Id.; see also 28 U.S.C. § 636(b)(1)(C).

II.

Mr. Martin apparently does not contest the fact that he has had at least three prior cases dismissed in a way that triggers the application of the PLRA's "three strikes" provision.  A review of this Court's own dockets confirms that he comes under that rule.  All of the cases cited in the Report and Recommendation - Martin v. Warden Welch, Case No. 2:10-cv-736 (S.D. Ohio); Martin v. Ohio Supreme Court, Case No. 2:04-cv-613 (S.D. Ohio); and Martin v. Mrs. Lowery, Case No. 2:04-cv-641 (S.D. Ohio) - were filed in this judicial district.  Although the second of these cases was dismissed on grounds which the Court of Appeals later determined to be erroneous, that Court affirmed the dismissal on alternative grounds.  See Martin v. The Ohio Supreme Court, No. 05-3388 (6th Cir. September 27, 2005).  Thus, Mr. Martin does have the required "three strikes" under §1915(g).  However, he claims that if the prison cashier is authorized to take the filing fee from his account, he is in imminent danger of having his property rights violated, and that should be sufficient to satisfy the exception found in §1915(g).

This argument is clearly mistaken.  Section 1915(g) uses the term "physical injury" and not "legal injury" or "economic injury."  To be under an imminent dander of serious physical injury means that the inmate's health or safety must be at immediate risk from the matters alleged in the complaint.  Courts have found that the denial of needed medical treatment for a serious health condition may meet this standard, see, e.g. McAlphin v. Toney, 281 F.3d 709 (8th Cir. 2002), as may placing an inmate in a situation where he is substantially likely to be assaulted.  See, e.g., Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998).  But no court has held

2

that a threat to the money held in an inmate's account is a "physical injury" which would satisfy §1915(g), and this Court rejects that proposition as being at odds with the plain language of the statute. Since Mr. Martin has alleged no other injury here, he is subject to the filing fee assessment as provided in the PLRA.

Mr. Martin continues to object that any order directing the prison cashier to deduct money from Mr. Martin's account without his consent would violate his vested property rights and therefore the Constitution. That objection is irrelevant for two reasons. First, the order which this Court will enter does not authorize the deduction of the filing fee from Mr. Martin's account; it assesses the fee and gives him a chance to pay it voluntarily. If he chooses not to, the case will be dismissed. That is a choice which any non-indigent litigant faces, as well as any indigent prisoner who has accumulated three "strikes," and the decision to pay or not to pay the fee rests with the litigant. Second, the exact argument Mr. Martin is making in this case has been rejected by the Court of Appeals in another of his cases. In Martin v. Lowery, No. 05-3258 (6th Cir. September 30, 2005), that Court held that money in a prisoner's account, no matter what the source, is, under state law, made available for the payment of filing fees, and is also subject to fee assessments made under the PLRA. Thus, such funds "are neither protected under state nor federal law." Id. at 2. Consequently, any fee assessment made here would not violate Mr. Martin's rights.

### III.

For all of the reasons set out above, Mr. Martin's objections (Doc. 8, as supplemented by Doc. 9) to the Magistrate Judge's Report and Recommendation are **OVERRULED** and the Report and Recommendation (Doc. 6) is **ADOPTED AND AFFIRMED**. The motion for leave

3

to proceed *in forma pauperis* and amended motion for leave to proceed *in forma pauperis* (Docs. 1 and 3) are **DENIED**.  Mr. Martin is **ASSESSED** a filing fee of $350.00, to be paid within thirty days.  If he does not pay the fee, this case will be dismissed and will not be reinstated even upon subsequent payment of the filing fee. See McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997).

_____
Algenon L. Marbley
United States District Judge